People v Urena

2026 NY Slip Op 02613

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Yordani Urena, Appellant.

Decided and Entered: April 28, 2026

Ind. No. 70651/23|Appeal No. 6476|Case No. 2024-06760|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Danielle J. Krumholz of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Connie Morales, J.), rendered October 23, 2024, convicting defendant, upon his guilty plea, of assault in the second degree, and sentencing him to a three-year term of probation, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of striking the condition of probation that defendant pay the mandatory surcharge and fees imposed at sentencing, and otherwise affirmed.

Defendant's claim that the condition of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and not consort with disreputable people" is facially unconstitutional is unpreserved (see People v Johnson, — NY3d —, —; 2025 NY Slip Op 06528, *2 [2025]), and we decline to review it in the interest of justice. As an alternative holding, we find the claim to be unavailing (People v Andujar, 245 AD3d 529, 530 [1st Dept 2026]).

Defendant's contention that this condition of probation is not "reasonably necessary to insure that [he] will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10 [1]) does not require preservation (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]; People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). However, the court providently deemed this condition as reasonably necessary, given the violent nature of his criminal conduct (see People v Berkley, 241 AD3d 1167, 1168 [1st Dept 2025]).

We strike the condition of probation which requires that defendant pay the mandatory surcharge and fees imposed at sentencing, as not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life (see People v Wood, 239 AD3d 484 [1st Dept 2025]; People v Percy, 234 AD3d 619 [1st Dept 2025]). We note that the People do not oppose this relief.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026